**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| **JOAN BOURNE**<br>15812 Ensor Mill Road<br>Sparks, Maryland 21152,<br><br>    Plaintiff,<br><br>v.<br><br>**ENOCH PRATT FREE LIBRARY**<br>400 Cathedral Street<br>Baltimore, Maryland 21201,<br><br>    Defendant. | Case No.: _____<br><br>Date: December 14, 2009<br><br>Demand for Jury Trial |

## COMPLAINT

Plaintiff, Joan Bourne, by and through undersigned counsel, sues Defendant, Enoch Pratt Free Library, and for causes of action states as follows:

## INTRODUCTORY MATTERS

1. Plaintiff, Joan Bourne, is a 60-year old disabled individual who resides in Baltimore County, Maryland.

2. Defendant, Enoch Pratt Free Library ("Pratt"), is a public library system located in Baltimore City, Maryland.

3. Ms. Bourne has been employed by Pratt as a Documents Unit Supervisor since she was hired on March 13, 2005.

4. This is an action for injunctive relief, declaratory relief, and damages, as well as other appropriate legal and equitable relief, arising from Pratt's acts of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. Sections 12101 *et seq.*, and

-1-

the Maryland Fair Employment Practices Act, Md. State Gov't Code Ann., Sections 20-601 *et seq.* ("FEPA").

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 42 U.S.C. Section 12117(a), and Md. State Gov't Code Ann., Sec. 20-606(a). Jurisdiction of the claim under FEPA is invoked pursuant to the pendent jurisdiction of the Court under 28 U.S.C. Section 1367(a).

6. Ms. Bourne has complied fully with all prerequisites to jurisdiction in this Court under the ADA and FEPA. On October 24, 2008, Ms. Bourne filed a charge of discrimination with the Equal Employment Opportunity Commission against Pratt for Pratt's acts of disability discrimination.

7. On September 18, 2009, the EEOC issued a Right to Sue Letter to Ms. Bourne, granting Ms. Bourne the right to bring an action within 90 days of receipt of the agency's notice. (Exhibit 1, attached.) Ms. Bourne received the Right to Sue Letter on September 22, 2009, and this action has been timely filed.

## COUNT I
### (Discrimination Under the ADA)

8. Pratt is a public library system that employs between 201 and 500 employees. Pratt is a "covered entity" under 42 U.S.C. Section 12111(2).

9. Ms. Bourne is an individual with a disability as defined under 42 U.S.C. Section 12102(2). Ms. Bourne suffers from a physical impairment that substantially limits a major life activity, which is her ability to walk. Ms. Bourne's ability to walk is substantially impaired as a result of a condition of severe arthritis, which has required Ms. Bourne to undergo

surgical procedures to insert two artificial hips.

10. Pratt has discriminated against Ms. Bourne on account of her disability. Pratt's acts of discrimination include, but are not limited to, the following. Defendant has refused to reasonably accommodate Ms. Bourne's requests for the assignment of a handicapped parking space in order to minimize the amount of walking that Ms. Bourne must undertake from her car to her office. Moreover, the parking arrangements that Ms. Bourne is compelled to utilize frequently are blocked, require Ms. Bourne to relocate her car during the workday, or otherwise compound the difficulty of Ms. Bourne's disability. Pratt has refused to reasonably accommodate Ms. Bourne's requests to minimize the amount of walking that Ms. Bourne must do to access her place of work.

11. Ms. Bourne is capable of performing the essential functions of her job and is "otherwise qualified" within the meaning of the ADA.

12. Pratt's actions constitute violations of Ms. Bourne's rights under the ADA, for which Ms. Bourne seeks remedies provided by the statute.

13. As a result of Pratt's actions, Ms. Bourne has suffered mental and emotional distress, inconvenience, and otherwise has suffered and has incurred damages.

14. Pratt has acted intentionally, with malice or reckless disregard of Ms. Bourne's federally-protected rights.

### COUNT II
**(Discrimination Under FEPA)**

15. Ms. Bourne hereby incorporates by reference the allegations set forth in Paragraphs 1 - 14 as if fully set forth herein.

16. Pratt is an "employer" within the meaning of Md. State Gov't Code Ann., Section 20-601(d). Ms. Bourne is an "employee" within the meaning of Md. State Gov't Code Ann., Section 20-601(c)(1).

17. Ms. Bourne is an individual with a disability as defined under Md. State Gov't Code Ann., Section 20-601(b). Ms. Bourne suffers from a physical impairment that substantially limits a major life activity, which is her ability to walk. Ms. Bourne's ability to walk is substantially impaired as a result of a condition of severe arthritis, which has required Ms. Bourne to undergo surgical procedures to insert two artificial hips.

18. Pratt has discriminated against Ms. Bourne on account of her disability in violation of Ms. Bourne's rights under FEPA, including Md. State Gov't Code Ann., Section 20-606(a). Pratt's acts of discrimination include, but are not limited to, the following. Defendant has refused to reasonably accommodate Ms. Bourne's requests for the assignment of a handicapped parking space in order to minimize the amount of walking that Ms. Bourne must undertake from her car to her office. Moreover, the parking arrangements that Ms. Bourne is compelled to utilize frequently are blocked, require Ms. Bourne to relocate her car during the workday, or otherwise compound the difficulty of Ms. Bourne's disability. Pratt has refused to reasonably accommodate Ms. Bourne's requests to minimize the amount of walking that Ms. Bourne must do to access her place of work.

19. Ms. Bourne is capable of performing the essential functions of her job and is otherwise qualified within the meaning of the FEPA.

20. Pratt's actions constitute violations of Ms. Bourne's rights under the FEPA, for which Ms. Bourne seeks remedies provided by the statute.

21.     As a result of Pratt's actions, Ms. Bourne has suffered mental and emotional distress, inconvenience, and otherwise has suffered and has incurred damages.

22.     Pratt has acted intentionally, with malice or reckless disregard of Ms. Bourne's legally-protected rights.

WHEREFORE, Plaintiff, Joan Bourne, demands entry of judgment against Defendant, Enoch Pratt Free Library, which provides the following relief:

(a)     that Defendant be required to provide Ms. Bourne with a permanent parking space reserved for her use that accommodates her disability by minimizing the distance that Ms. Bourne must walk between her car and work;

(b)     that Defendant be required to update its outdated staff manual to reflect Defendant's obligations and employees' rights under applicable disability discrimination laws, and provide its employees, including Ms. Bourne, with a current version of that manual;

(c)     that Defendant be prohibited from engaging in favoritism on behalf of able-bodied employees to the detriment and disadvantage of disabled employees, including Ms. Bourne;

(d)     that Defendant be required to provide disability rights training to its Leadership Team and to its security officers, who control the rights of ingress to and egress from Ms. Bourne's workplace;

(e)     that Defendant pay Ms. Bourne $2,000,000.00 in compensatory and punitive damages;

(f)     that Defendant pay Ms. Bourne her attorneys' fees and costs of litigation; and

(g)     for such other and further relief as the Court deems just.

Respectfully submitted,

_____
Bruce M. Luchansky (Bar #08439)
Luchansky, P.A.
911 N. Charles Street, Third Floor
Baltimore, Maryland 21201
410.522.1020
Fax: 410.522.1021
*Attorneys for Plaintiff, Joan Bourne*

## DEMAND FOR JURY TRIAL

Plaintiff, Joan Bourne, demands a jury trial on all counts of her Complaint.

_____
Bruce M. Luchansky